E-FILED
Monday, 13 April, 2026  08:54:45 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **FREDERICK HAYWOOD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:25-cv-1503** |
| | ) | |
| **DIRECTOR OF BUREAU OF** | ) | |
| **PRISONS,** | ) | |
| | ) | |
| **Respondent.** | | |

### OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Petitioner Frederick Haywood's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and Motion to Amend Reply (Doc. 7). Petitioner asks the Court to order the Bureau of Prisons (BOP) to apply the First Step Act (FSA) time credits that he earned during his previous imprisonment term, which he argues would result in his immediate release or transfer to prerelease custody. For the reasons below, Petitioner's Motion to Amend (Doc. 7) is GRANTED and his Petition (Doc. 1) is DENIED.

I.      BACKGROUND[1]

Petitioner is currently serving a 12-month federal imprisonment sentence after his supervised release was revoked. In 2013, Petitioner was convicted of one count of wire

---

[1] Unless otherwise noted, the facts are taken from Respondent's brief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

fraud in the United States District Court for the Northern District of Illinois. He was sentenced to 151-months of imprisonment, followed by a 3-year term of supervised release. While serving his 151-month imprisonment sentence, Petitioner accrued 1351 days of participation in qualifying activities under the FSA. Because Petitioner was assessed as a medium risk of recidivism, his participation resulted in 450 days of FSA time credits. Petitioner remained at a medium risk of recidivism during his imprisonment sentence, so the BOP reports that he never met the criteria to apply any FSA time credits toward either an earlier placement on supervised release or placement in prerelease custody. During this previous incarceration, Petitioner filed several administrative remedy requests related to FSA time credits, but did not complete the process by submitting an appeal to the BOP's general counsel.

Petitioner completed serving his original term of imprisonment and was released to begin his term of supervised release in January 2023. On August 28, 2025, however, the district court revoked his supervised release and ordered him to serve a new prison term of 12 months, with no supervised release to follow. Petitioner has not entered BOP custody to serve his new term of imprisonment, but instead has been serving his sentence at the Livingston County Jail in Pontiac, Illinois. Therefore, Petitioner has not earned any FSA time credits toward his current sentence, and he has not received a new Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score with an assessment of his risk of recidivism. Respondent has not indicated why Petitioner has remained at the Livingston County Jail instead of being transferred to the BOP. The BOP inmate locator indicates that, while he is not in BOP Custody, his release date has been

calculated as August 5, 2026. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (Reg. No. 99990-024) (last visited April 9, 2026). Petitioner has not submitted any BOP administrative remedy requests regarding his FSA time credits or otherwise since his reincarceration.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) on December 15, 2025. He argues that the FSA time credits he earned during his previous imprisonment sentence should be applied to his revocation sentence pursuant to BOP Program Statement 5880.28. Respondent has filed a response in opposition (doc. 5), arguing that his claims are unexhausted, unreviewable, and that Petitioner has been and remains ineligible to apply any FSA time credits. Petitioner has filed a reply (doc. 6), as well as a Motion to Amend his Reply (doc. 7). The Court grants the motion to amend his reply and considers his arguments therein. This Order now follows.

## II.    DISCUSSION

Petitioner's challenge involves the BOP's Risk and Needs Assessment System (System) that the BOP was required to develop under Section 101 of the FSA, Public Law 115-391. *See* 18 U.S.C. § 3632. As part of the System, the BOP was required to develop a tool to determine the recidivism risk for each inmate. The BOP has developed the PATTERN tool, which assesses prisoners' recidivism risks as well as their risk of violent or serious misconduct. *See* 18 U.S.C. § 3632(a)(3). Each prisoner receives a PATTERN score that translates to a minimum, low, medium, or high risk of recidivism. PATTERN scores are typically updated every six months during regularly scheduled program reviews. Under the System, eligible prisoners earn time credits for participating in

"evidence-based recidivism reduction programs" and "productive activities." 18 U.S.C. § 3632(d)(4)(A). Unlike good conduct time earned under § 3624(b), which is applied to reduce a prisoner's total time in custody, FSA time credits earned under the System "shall be applied toward prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). But, prisoners are only eligible to have FSA time credits applied to prerelease custody or supervised release when they meet the requirements under 18 U.S.C. § 3624(g)(1). Relevant here, to apply FSA time credits to prerelease or supervised release, a prisoner must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Prisoners are only eligible to apply their credits toward early supervised release if they "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(ii). And to be placed in prerelease custody, a prisoner must either have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments" or have an approved petition for transfer from the warden. 18 U.S.C. § 3624(g)(1)(i).

Here, Petitioner's Petition faces multiple barriers to relief, all of which lead to the conclusion that his Petition must be denied: Petitioner's claims regarding his prior imprisonment term are unexhausted. His request is noncognizable in habeas review. And, even if his claims were exhausted and reviewable, he is not eligible to have any FSA time credits applied due to his medium recidivism risk and lack of supervised release term.

**A. Petitioner Failed to Exhaustion of Administrative Remedies Regarding His Prior Term of Imprisonment.**

Respondent first argues that Petitioner's claims are unexhausted to the extent that he contends he should have had his earned time credits applied to his previous term of imprisonment. Habeas corpus petitions under 28 U.S.C. § 2241 have no express exhaustion requirements, but "[a] common-law exhaustion rule applies." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Courts generally review a claim by a federal prisoner challenging their sentence computation by the BOP only after they exhaust the BOP's administrative remedy process. *Antonelli v. Gilkey*, 191 F.3d 455 (7th Cir. 1999) ("Though the text of § 2241 does not explicitly require exhaustion, we have determined that in order to be eligible for habeas relief, a federal prisoner generally must exhaust any available administrative remedies."); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[W]e review a claim concerning the computation of a sentence only after administrative remedies have been exhausted."). The exhaustion requirement accomplishes two important policy objectives: protection of the agency's authority and promotion of judicial economy. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006).

Since exhaustion is not mandated by statute, "sound judicial discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004), citing *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). The Seventh Circuit has found that the general exhaustion rule may be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing

through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016, citing *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002).

The BOP has an administrative remedy program available to inmates, *see* 28 C.F.R. §§ 542.10–542.18, but Petitioner has not exhausted any claims regarding his FSA time credits. The BOP concedes that Petitioner, not currently being in BOP custody, cannot feasibly exhaust administrative remedies. However, to the extent that Petitioner is arguing that he should have had his FSA time credits applied during his prior term of imprisonment, Petitioner was required to exhaust that claim during his previous term of imprisonment. Moreover, the Court sees no reason why exhaustion should be excused here. In fact, given the discretionary nature of the relief he seeks, exhaustion of his administrative remedies was likely the least-futile means to seek relief. Accordingly, the Court finds Petitioner's claims regarding whether he was released on time for his previous term of imprisonment should be dismissed for failure to exhaust.

### B. Petitioner's Claims are Unreviewable in Habeas Proceedings.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A "quantum change in the level of custody" includes relief such as "outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation

to solitary confinement that is disciplinary segregation." *Id*. On the other hand, "[i]t is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a petition for habeas corpus." *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008) (collecting cases); *see Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). In *Graham,* the Seventh Circuit found that a petitioner seeking to be placed on work release did not qualify as a "quantum change in the level of custody." *Graham*, 922 F.2d at 380.

To the extent Petitioner seeks to be transferred to prerelease custody by applying his "banked" FSA time credits,[2] it is not likely cognizable in habeas corpus as it is more akin to placement on work release than a "quantum change in the level of custody." *Graham*, 922 F.2d at 380; *see also Ngon v. Warden FCI-Greenville*, No. 25-CV-1386-JPG, 2026 WL 376812, at *3 (S.D. Ill. Feb. 11, 2026) (concluding that petitioner pled "nothing suggesting a change to community corrections is the kind of quantum change in

---

[2] Petitioner relies on BOP Program Statement 5880.28 to support his argument that any FSA time credits he earned during his previous imprisonment sentence should be applied to his revocation sentence. This Program Statement states that "[i]f a prisoner is released late ('past due') because of staff error . . . and is later returned as a supervised release . . . violator the late release time shall be awarded on the supervised release . . . violator term." BOP Program Statement 5880.28 at 38, available online at https://www.bop.gov/policy/progstat/5880_028.pdf (last visited Apr. 9, 2026). The Program Statement does not address FSA time credits or late placement on prerelease custody, but it could logically be extended to any staff errors that resulted in FSA time credits not being applied to early placement in supervised release. Respondent does not contest Petitioner's assumption that FSA time credits could be "banked," so, for purposes of this Order, the Court will assume that they can be banked in the manner Petitioner assumes.

conditions that would be cognizable under § 2241," but that it is "[i]nstead, . . .a routine placement decision over which this Court has no jurisdiction").

Moreover, after a federal defendant is sentenced, the Attorney General has the responsibility of administering an inmate's sentence. *See United States v. Wilson*, 503 U.S. 329, 334-36 (1992) (citing 18 U.S.C. § 3621(a)). This includes "plenary control" over the location of an inmate's confinement. *Tapia v. United States*, 564 U.S. 319, 331 (2011). The Attorney General has delegated this authority to the BOP. *See* 28 C.F.R. § 0.96. Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Importantly, the statute also provides that "a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). Accordingly, the Court finds that it generally lacks authority to review the BOP's placement decisions even if prerelease custody could be considered a "quantum change in conditions."

A placement in early supervised release would represent a quantum change in the level of custody, but Petitioner has not shown he would be entitled to placement on supervised release. Instead, whether credits are applied to prerelease custody or early supervised release is a discretionary decision by the BOP. *See* 18 U.S.C. § 3624(g)(3) (stating that if a prisoner was sentenced to a term of supervised release following imprisonment, "the Director of the Bureau of Prisons *may* transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632" (emphasis added)); 28 C.F.R. § 523.44; *see White v. Rule*, No. 2:24-CV-00049-JPH-MG, 2024 WL 2060982, at *2 (S.D. Ind. Apr. 19,

2024) (holding that the petitioner cannot challenge the BOP's conclusion that he not a low or minimum recidivism risk "because FSA time credits are contingent on numerous factors, including PATTERN scores; there is no statutory mandate that time credits be applied."). Because Petitioner's release remains discretionary under the statute, the Petitioner is not entitled to habeas relief. *See also White*, 2024 WL 2060982, at *2 (holding that there is no "constitutionally protected liberty interest . . . is implicated when the BOP calculates a prisoner's PATTERN score and resulting recidivism risk level," a petitioner is not entitled to habeas relief when he disagrees with the BOP's assessment of his recidivism risk).

### C. Petitioner is Ineligible to Apply Any FSA Time Credits.

Finally, aside from issues of exhaustion and cognizability for review, Respondent argues Petitioner is not and has never been eligible to have his FSA time credits applied due to his medium recidivism risk. The Court agrees. Prisoners are only eligible to have their FSA time credits applied to prerelease custody or supervised release when they meet the requirements under 18 U.S.C. § 3624(g)(1), including the requirement that a prisoner must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). Prisoners are only eligible to apply their credits toward early supervised release if they "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(ii). In order to be placed in prerelease custody, a prisoner must either have "been determined under the System to

be a minimum or low risk to recidivate pursuant to the last 2 reassessments" or have an approved petition for transfer from the warden. 18 U.S.C. § 3624(g)(1)(i). Petitioner has been consistently assessed a medium risk of recidivism without any showing a recidivism risk reduction and has not received a petition for transfer from the warden. Accordingly, Petitioner is not eligible to *apply* his FSA time credits to his sentence.

Petitioner has not directly challenged his medium recidivism risk score and, regardless, the BOP's use of the PATTERN tool and resulting risk assessment was within the congressionally delegated scope of authority. Congress delegated the authority to the Attorney General and the Department of Justice to create the System, including the process for determining the recidivism risk of each prisoner and the process for determining when a prisoner is ready to transfer to prerelease custody or supervised release. 18 U.S.C. § 3632(a)(6)-(7). As other courts have found, "usage of PATTERN as one of the factors considered in awarding of FSA time credits is reasonable." *White v. Rule*, No. 2:24-CV-00049-JPH-MG, 2024 WL 2060982, at *2 (S.D. Ind. Apr. 19, 2024). The Court does not have the authority to override this delegation or the decision to use the PATTERN tool. Thus, due to his medium recidivism risk and lack of approved warden petition, Petitioner is not entitled to have any of his FSA time credits applied.

Finally, Petitioner claims that his FSA time credits should be applied and result in his immediate placement on supervised release is not an option because he was not sentenced to a term of supervised release. Early placement on supervised release is only available "[i]f the sentencing court included as part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after

imprisonment pursuant to section 3583[.]" § 3624(g)(3). Petitioner's revocation sentence does not include a term of supervised release. So, even if he met the other requirements, Petitioner cannot have time credits applied to early supervised release.

## III.    CONCLUSION

Accordingly, Petitioner Frederick Haywood's Motion to Amend Reply (Doc. 7) is GRANTED, and Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DENIED. The Clerk is DIRECTED to issue judgment in favor of Respondent and CLOSE the case.

Signed on this 13th day of April 2026.

/s/ Colleen R. Lawless
Colleen R. Lawless
United States District Judge